UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD WILLIAMS,

        Plaintiff,

v.                                                                      Case No. 8:06-cv-1522-T-24MAP

WILLIAM F. BALKWILL, PRISON HEALTH
SERVICES, TRINITY FOOD SERVICES,
PAULA MANGERELLA,
NURSE VICKI, GRANT BEDFORD,

        Defendants.

_____

## **O R D E R**

Pro se prisoner Plaintiff, who is incarcerated in the Sarasota County Jail, Sarasota County, Florida, filed a 42 U.S.C. § 1983 civil rights complaint alleging a plethora of complaints against various defendants, all of whom are listed above. Although Plaintiff alleges that he filed grievances related to some of his complaints, he has not provided any proof that he has exhausted his administrative remedies relative to all of his claims and all defendants. In fact, Plaintiff did not submit copies of any grievance forms with his complaint.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

On April 26, 1996, the President signed into law the Prison Litigation Reform Act which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e to read as follows:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement." *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir.1998); *see also Booth v. Churner*, 532 U.S. 731, 741 (2001) (finding that Congress has mandated exhaustion of administrative remedies, regardless of the relief offered through the administrative procedures). In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir.1999) (citing *Alexander*, 159 F.3d 1326).

In *Alexander v. Hawk*, [the Eleventh Circuit] noted seven important policies favoring an exhaustion of remedies requirement:

> (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."

159 F.3d at 1327 (quoting *Kobleur v. Group Hospitalization & Medical Services, Inc.*, 954 F.2d 705 (11th Cir.1992)). Each one of those policies is furthered by reading § 1997e(a) to require that a prisoner provide with his grievance all relevant information reasonably available to him. *Brown v. Sikes*, 212 F.3d 1205, 1208 (11th Cir.2000). Thus, in *Brown*, the Eleventh Circuit held "that 42 U.S.C. § 1997e(a) requires a prisoner to provide in his administrative grievance as much relevant information about his claims, including the identity of those directly involved in the alleged deprivations, as the prisoner reasonably can provide. It does not require him to provide information he cannot reasonably obtain[.]" *Id.* at 1210.

Because exhaustion is a pre-condition to suit and because the administrative grievance procedures are important for effectively determining how the facility has addressed the issues presented to it, it is extremely necessary and useful for Plaintiff to comply with the procedures

as set forth in the instructions to the civil rights complaint form. Section III.C. of the civil rights complaint form requires Plaintiff to exhaust the administrative grievance procedures at his facility and to attach copies of the grievances, appeals, and responses to the section 1983 complaint as a verification that he has initiated and completed the grievance process.

Section III of the Inmate Handbook of the Sarasota County Sheriff's Office sets out the Inmate Grievance Procedure for inmates at the Sarasota County Jail. (See p. 17 of the handbook).

The Prison Litigation Reform Act's (PLRA) exhaustion requirement contains a procedural default component which bars an inmate's section 1983 action where he filed his prison administrative grievance out-of-time and without good cause. *See Watts v. Hunter*, 2006 WL 2024956 *3 (M.D. Fla., July 17, 2006) (citing *Woodford v. NGO*, 126 S. Ct. 2378, 2382 (2006) and *Johnson v. Meadows,* 418 F.3d 1152 (11th Cir. 2005) (the PLRA contains a procedural default component where an inmate fails to avail himself in a timely fashion of the institution's administrative process).

Because Plaintiff Williams has not filed copies of any grievances or appeals from grievances, this Court cannot determine whether he timely met the deadlines of the Sarasota County Jail's Administrative Exhaustion Procedure before filing this federal claim. Based on the allegations in his complaint he did file grievances and did receive responses. However, none were submitted for consideration by this Court.

Accordingly, the Court orders:

1. That Plaintiff's complaint is dismissed, without prejudice to his refiling a new complaint with a new case number in which he demonstrates timely administrative exhaustion against all defendants as to all claims. The Clerk is directed to enter judgment against Plaintiff and to close this case.

    2. That Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 2) is denied. Plaintiff is assessed the $350.00 filing fee. The Clerk is directed to send a copy of this order to Inmate Accounting at the Sarasota County Jail, Sarasota, Florida.

    ORDERED at Tampa, Florida, on August 23, 2006.

                                                      /s/ Susan C. Bucklew
                                                      SUSAN C. BUCKLEW
                                                      United States District Judge

Ronald Williams